UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TOP RIDGE INVESTMENTS, LLC,                    :
                                                :
                            Plaintiff,   :
                                  :                 16-CV-1633 (JPO)
               -v-             :
                                  :          OPINION AND ORDER
ANICHINI, INC. *et al.*,                        :
                                                :
                         Defendants.  :
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      Plaintiff Top Ridge Investments, LLC, ("Top Ridge") removed this action from the Supreme Court of the State of New York. (*See* Dkt. Nos. 1, 9, 17.) Defendants Anichini, Inc., Anichini Hospitality, Inc., Anichini Retail, Inc., and Susan Dollenmaier (collectively, "Anichini Defendants") move to transfer the case to the United States District Court for the District of Vermont. (Dkt. No. 6.) For the reasons that follow, that motion is GRANTED.

**I.    Discussion**

      The Court assumes familiarity with the facts and procedural history of this action. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). When deciding motions to transfer, "courts inquire, first, whether the action could have been brought in the transferee district and, if yes, whether transfer would be an appropriate exercise of the Court's discretion." *Randle v. Alexander*, 960 F. Supp. 2d 457, 485 (S.D.N.Y. 2013) (citations and internal quotation marks omitted). In analyzing the second prong of this test, courts balance several factors:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling

witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Steck v. Santander Consumer USA Holdings, Inc.*, No. 14-CV-6942, 2015 WL 3767445, at *2 (S.D.N.Y. June 17, 2015) (citation omitted).  No single factor is determinative in transfer analysis.  Instead, "weighing the balance is essentially an equitable task left to the Court's discretion." *Berger v. Cushman & Wakefield of Penn., Inc.*, No. 12-CV-9224, 2013 WL 4565256, at *4 (S.D.N.Y. Aug. 28, 2013) (citation and internal quotation mark omitted).

The Anichini Defendants seek transfer of this case on the grounds that (1) Vermont is the primary site of Defendants' business and is the location of the operative events, including issuance of the underlying loan and negotiation of the parties' alleged agreement not to foreclose on that loan; (2) Vermont law governs this action; (3) all relevant documents and "substantially all" of the potential non-party witnesses are in Vermont; and (4) proceeding in Vermont, where one of the Defendants has initiated a related bankruptcy action, "may realize efficiencies or reduce avoidable inefficiencies."  (Dkt. No. 6 at 4-10.)

Top Ridge agrees that this action is governed by Vermont law[1] and does not argue that the action could not have been filed in Vermont.  Instead, Top Ridge opposes transfer on the ground that the Anichini Defendants have not shown that convenience favors transfer.  (Dkt. No. 20 at 3.)  In support of their argument, Top Ridge notes that Defendants "operate a showroom" in Manhattan, Susan Dollenmaier "frequently travels to New York," and some of the collateral at issue is located in New York.  (*Id.* at 4-7.)  Top Ridge also asserts that the testimony of the

---

[1] The loan document at issue states that Vermont law applies to the contract. (Dkt. No. 17-2, Ex. C at 8.)  At the hearing on Plaintiff's application for a preliminary injunction on March 11, 2016, Top Ridge agreed that Vermont law governs this case.  (*See* Dkt. Nos. 14, 19.)

Vermont-based witnesses identified by the Anichini Defendants is unlikely to "be necessary or relevant in this action." (*Id.* at 7.)

The Anichini Defendants' argument prevails. "The locus of operative facts is a primary factor in determining whether to transfer venue." *Viera v. BASF Catalysts LLC*, No. 15-CV-3952, 2015 WL 9302836, at *5 (S.D.N.Y. Dec. 21, 2015) (citation omitted). In this case, virtually all of the operative events occurred in Vermont and the likely non-party witnesses reside in Vermont. If witnesses are unwilling to testify, "they are more likely to fall within the reach of a [Vermont] court's subpoena power than this Court's power to compel testimony." *Viera*, 2015 WL 9302836, at *5 (citing Fed. R. Civ. P. 45(b)). A district court in Vermont will also have greater familiarity with the governing law, which, though not dispositive, is relevant to the Court's transfer analysis. *See id.*; *Dostana Enters. LLC v. Fed. Express Corp.*, No. 00-CV-0747, 2000 WL 1170134, at *6 (S.D.N.Y. Aug. 16, 2000) ("[T]he greater familiarity of the federal court sitting in [the state whose law applies] militates somewhat in favor of transfer."). In light of the related bankruptcy proceeding, concerns for judicial efficiency also weigh in favor of litigation in Vermont.

Finally, "[w]hile a plaintiff's choice of forum is generally entitled to considerable weight, the degree of deference given to that choice varies with the circumstances." *Viera*, 2015 WL 9302836, at *6 (citation, internal quotation marks, and alteration omitted). Here, Top Ridge sued in a forum that is neither its home (New Jersey) nor the location of the operative facts (Vermont). Its choice of forum is thus "accorded substantially less deference than it would otherwise receive," and ultimately, is outweighed by factors favoring transfer.[2] *Id.* (internal quotation marks omitted).

---

[2] The remaining factors in the transfer analysis—the location of relevant documents and the means of the parties—are neutral given the availability of electronic discovery and the parties' portrayal of their respective means. *See Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 478 (S.D.N.Y. 2006) ("The location of documents and records is not a compelling consideration when records are easily portable." (citation and internal quotation marks omitted)).

## II. Conclusion

Having considered each of the § 1404(a) factors, the Court concludes that transfer is warranted. Defendants' motion to transfer is GRANTED and this case is hereby transferred to the United States District Court for the District of Vermont.

In light of the transfer of this case, the Court finds good cause warranting an extension of the temporary restraining order that is currently in effect. (*See* Dkt. Nos. 17-2, 19.) Fed. R. Civ. P. 65(b)(2). This extension will permit the Vermont district court to schedule a hearing on the application for a preliminary injunction once the case has been assigned. Accordingly, the temporary restraining order is hereby extended to April 1, 2016.

The Clerk of Court is directed to close the motion at docket number 5.

SO ORDERED.

Dated: March 21, 2016
       New York, New York

_____
J. PAUL OETKEN
United States District Judge